**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Jonathan Sokorelis

   v.                                                                         Civil No. 07-cv-335-SM

Bruce Cattell, Warden,
New Hampshire State Prison

**O R D E R**

Jonathan Sokorelis filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state criminal conviction (document no. 1). The petition initially came before me for preliminary review to determine whether it was facially valid and may proceed. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid).

On February 1, 2008, I issued a Report and Recommendation ("R&R") recommending that the matter be dismissed as untimely filed (document no. 2). Sokorelis filed an objection (document no. 3), which has been docketed as a motion for reconsideration, asserting that the Court should toll the statute of limitations for federal habeas petitions in order to allow consideration of

his petition. For the reasons raised in the motion to reconsider, I will reconsider my previous recommendation of dismissal of the petition and direct that this petition be answered by the respondent.

## Background

On November 17, 1994, Jonathan Sokorelis pleaded guilty to two counts of attempted murder and one count of second degree murder. He was sentenced to ten to twenty years in prison on each of the attempted murder charges and forty years to life in prison on the second degree murder charge. The sentencing court directed that all of the sentences were to run consecutively to one another. Sokorelis appealed his sentences to the sentence review board, which increased each of the sentences for attempted murder to fifteen to thirty years in prison, and left the second degree murder sentence unchanged.

On July 30, 2004, Sokorelis filed a motion to withdraw his guilty plea in the state Superior Court. The motion alleged that his guilty plea was not knowingly entered because, at the time, he was unaware of the direct consequences of his plea, and that his conviction and sentence pursuant to his plea violated the state and federal constitutions. His motion was denied on May

24, 2005. Sokorelis appealed the denial to the New Hampshire Supreme Court, again raising federal and state constitutional arguments in support of his appeal. The New Hampshire Supreme Court affirmed the denial on October 16, 2006. This petition followed.

## Discussion

I.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, et seq., which became effective on April 24, 1996, sets a one-year limitations period for federal habeas petitions by state prisoners. See 28 U.S.C. § 2244(d)(1). The AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A). However, petitioners like Sokorelis, convicted prior to the AEDPA's effective date, can file their petitions within one year of the AEDPA's effective date. David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003) (citing Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999)).

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by the state, by new

constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See David, 318 F.3d at 344; 28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA further excludes from the one-year limitations period "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .."  28 U.S.C. § 2244(d)(2).  While the limitations period is stopped from running during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired.  See Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)).

In addition to the statutory exceptions, AEDPA's limitations period can be equitably tolled in exceptional circumstances. Trapp, 479 F.3d at 59; Cordle, 428 F.3d at 48 (citing Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001)).  Equitable tolling is reserved for cases in which circumstances which were beyond the petitioner's control prevented prompt filing of the petition. Cordle, 428 F.3d at 48 (citing Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002)).

Sokorelis alleges that at the time of his guilty plea he was required to submit a waiver to the sentencing court stating that he would not seek review of his sentence for a period of ten years after his plea. Sokorelis states now that he believed that this waiver applied to any attempt he might make to seek review of his plea and sentence, including a habeas petition, during that time. Accordingly, Sokorelis now argues that the statute of limitations in this matter should be equitably tolled due to the fact that he reasonably believed he was not eligible to file a habeas petition until 2004.

At this time, I make no finding as to whether or not this matter should be equitably tolled. However, I find that Sokorelis has provided enough information about the circumstances of the delay in filing his petition that he should be allowed to present his arguments in favor of tolling in response to any challenge the respondent might make to the petition's timeliness. I will therefore allow the matter to proceed without any finding as to the timeliness of the petition.

II. Custody and Exhaustion

To be eligible for habeas relief, Sokorelis must show that he is both in custody and has exhausted all of his state court

remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). Sokorelis is presently incarcerated and thus satisfies the custody requirement of the statute.

A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it

probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson, 131 F.3d at 261 (emphasis added).

In order to satisfy the requirement to "fairly present" his federal claim to the state courts, a petitioner must have presented the claim to the state courts "in such a way that 'a reasonable jurist' would have recognized 'the existence of the federal question.'"  Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (quoting Casella, 207 F.3d at 20).  A petitioner may fairly present a claim by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution, or, in some circumstances, (5) citing to

state court decisions that rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law.  Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (finding that simply reciting facts underlying a state claim, where those facts might support either a state or federal claim, without more, is clearly inadequate to constitute fair presentation of a federal claim to state court).

Sokorelis's petition indicates that he raised the claims raised in his federal habeas petition, including the federal nature of those claims, in the state Superior Court as well as the New Hampshire Supreme Court.  Accordingly, I find that Sokorelis has sufficiently alleged exhaustion of his state remedies to allow this petition to proceed.

## Conclusion

The petition shall be served upon the New Hampshire State Prison, which shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of

the Attorney General, as provided in the Agreement on Acceptance of Service copies of this Order, the original habeas petition (document no. 1), the R&R (document no. 2), and the objection to the R&R (document no. 3).  The respondent is directed to answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  July 23, 2008

cc:    Jaye Rancourt, Esq.